Louis F. Tucker, Sr. v. Commissioner.
Tucker v. Commissioner
Docket No. 25322.
United States Tax Court
1950 Tax Ct. Memo LEXIS 58; 9 T.C.M. (CCH) 956; T.C.M. (RIA) 50256; October 31, 1950
Louis F. Tucker, Sr., pro se. Marvin E. Hagen, Esq., for the respondent. LEMIRE Memorandum Findings of Fact and Opinion The respondent determined a deficiency of $77.71 in petitioner's income tax for 1947. This deficiency resulted from disallowance of $718 of $1,436, claimed as interest paid on outstanding obligations, in the 1947 return, the disallowance of $75 attorney fees and the loss by theft of $2,000 worth of furniture and lumber of the value of $250, as claimed in petitioner's return. The petitioner appeared in his own behalf without benefit of counsel in this case. Findings of Fact The petitioner is an individual residing at Monett, Missouri. His income tax return for the calendar year 1947 was filed with the collector of internal revenue for *59 the sixth district of Missouri on a cash receipts and disbursements basis. During the taxable year 1947 petitioner was employed as a locomotive engineer by the Frisco Railroad Company. He and his wife owned a farm in Oklahoma on which there was a house and barn and on which he raised wheat, oats, and corn. During part of the year 1947, and for several years prior thereto, this farm had been occupied by a tenant. Some time during the year 1946, or the early part of the year 1947, furniture was stolen from the farmhouse in question and lumber was stripped and stolen from the house and barn. In June 1947 petitioner prosecuted, successfully, and ejectment suit against the tenant on said premises and obtained possession of the farm. The theft in question took place during the early part of the year 1947, and prior to the termination of the tenancy. The attorney fee claimed as a deduction by petitioner in his 1947 income tax return was paid to the attorney who prosecuted the suit in ejectment. The furnishings stolen from the premises during the year 1947 had a value of $600, and the lumber stripped from the house and barn and stolen or destroyed had a value of $125. Petitioner received *60 no reimbursement for the loss of said furnishings or lumber by way of insurance or otherwise. The petitioner, during the year 1947, paid out as interest on outstanding indebtedness the sum of $718, and not $1,436, as shown in said return. Opinion LEMIRE, Judge: The Commissioner did not err in refusing to allow $718 of the item of $1,436 claimed in the petitioner's return as a deduction for interest paid on outstanding indebtedness. The return shows on its face that said deduction totals $718 and that the Commissioner correctly reduced said deduction from $1,436 to $718. The Commissioner erred in disallowing as a deduction from income the $75 attorney fee paid for the prosecution of the suit to regain possession of the farm in question. Mary E. Evans, 42 B.T.A. 246. As regards the claim of theft of furniture and lumber from the premises, for which petitioner received no reimbursement, the evidence is not satisfactory either as to the time of the theft or as to the cost or value of the goods stolen. Neverthless, we have found as a fact on such meager evidence as has been furnished us that furniture and lumber of the total value of $725 was stolen during the year *61 1947, and that petitioner has received no reimbursement therefor by insurance or otherwise. Therefore, the respondent erred in refusing to allow the deduction of the loss to that extent. Sec. 23(e), I.R.C.
Decision will be entered under Rule 50.